**John R. FEWIN, Plaintiff–Appellant**

v.

**CITY OF POPLAR BLUFF, Ron Black
and Vern Bechtel,
Defendants–Respondents.**

No. 15602.

Missouri Court of Appeals,
Southern District,
Division One.

March 13, 1989.

Motion for Rehearing or Transfer to
Supreme Court Denied
April 4, 1989.

Application to Transfer Denied
May 16, 1989.

———

Ted M. Henson, Jr., Poplar Bluff, for plaintiff-appellant.

Wallace L. Duncan, Poplar Bluff, for defendants-respondents.

HOLSTEIN, Chief Judge.

Plaintiff, John R. Fewin, appeals from the trial court's judgment denying him relief on his two-count petition against defendants, City of Poplar Bluff, its former mayor, Ron Black, and former city manager, Vern Bechtel.

Fewin's petition alleges that the defendants have prevented him, as owner of rental houses and vacant lots, from doing plumbing, electrical, and carpentry work on his own property, and defendants have refused to issue Fewin permits to construct houses and to remodel and repair existing houses. Fewin's petition alleges that the defendants' conduct is based on an ordinance enacted in 1971. In his first count Fewin seeks money damages. In the second count he seeks "an injunction prohibiting defendants from interfering with plaintiff's right to do plumbing work on his own property," and a mandatory injunction to require the city to issue all necessary permits.

The only ordinances before us and, as far as the record shows, before the trial court are those forbidding persons from engaging in the business or work of an electrician or engaging in the practice of plumbing without first having obtained a license to do so. According to city officials, the ordinances express a policy not to issue permits to perform electrical or plumbing work if the work is to be performed by an unlicensed person who does not own and reside on the property where the work is to be done. Fewin testified that he had never applied for a license to perform any electrical or plumbing work. He further testified that his last application for a building permit in December of 1984 had been granted by the city. There was no evidence that Fewin had ever been civilly or criminally prosecuted for performing electrical or plumbing work on any of his houses.

The ordinances before us only prohibit engaging in certain electrical and plumbing work without a license. They do not discuss the procedures for obtaining a license or permit. Presumably, there are ordinances establishing a procedure for obtain-

ing building permits or licenses to perform electrical and plumbing work. A city acts in an administrative capacity when it grants or denies permits and licenses. *James v. City of Jennings,* 735 S.W.2d 188, 190 (Mo.App.1987). A jurisdictional prerequisite to judicial review of an administrative action is that a plaintiff exhaust his administrative remedies. *Glencoe Lime & Cement Co. v. City of St. Louis,* 341 Mo. 689, 108 S.W.2d 143, 144 (1937); *James v. City of Jennings, supra.* We can only speculate as to whether Fewin has exhausted his administrative remedies. Without the procedural ordinances before the court, we have no adequate record upon which to base our review. *City of Jennings v. Turner,* 585 S.W.2d 210, 212 (Mo.App. 1979). Consequently, the appeal is dismissed.

CROW, P.J., and GREENE, J., concur.