STATE ex rel. DIRECTOR OF
REVENUE, Respondent,

v.

John C. WHITE, d/b/a John White Oil
Co., White Land Company, Appellant.

No. 72524.

Supreme Court of Missouri,
En Banc.

Oct. 16, 1990.

James P. Dalton, Jefferson City, Jeffery
P. Anderson, Minneapolis, Minn., for appellant.

William L. Webster, Atty. Gen., Carole
Lewis Iles, Asst. Atty. Gen., Jefferson
City, for respondent.

BLACKMAR, Chief Justice.

We again must apply the principle that a litigant who fails to exhaust available administrative remedies may not obtain judicial relief.

On October 3, 1986 the Director of Revenue assessed special fuel tax, interest and penalties in the amount of $126,638.58, against the appellant taxpayer, as provided by Chap. 142, RSMo 1978. The taxpayer filed a petition for review by the Administrative Hearing Commission pursuant to § 621.050, RSMo 1986. The taxpayer appeared at the evidentiary hearing but announced that he had no desire to move forward with the case. The director then moved to dismiss the proceeding, and the Administrative Hearing Commission entered the dismissal. No appeal was taken.

On October 16, 1987 the prosecuting attorney of Cole County filed a civil action to collect the tax. The taxpayer resisted, asserting that he was neither a "special fuel dealer" or "special fuel user," and that the director had no "jurisdiction" to assess the special fuel tax. The trial judge entered summary judgment against the taxpayer, stating as follows:

"[D]efendant's exclusive remedy to litigate whether he was a special fuel dealer or special fuel user and whether he owed the assessed taxes and penalties was in the Administrative Hearing Commission; ..." and "where defendant's appeal was dismissed the assessment became final,

due and owing, and cannot be collaterally attacked in this court."

■ The taxpayer appeals,[1] persisting in his jurisdictional argument based on his claim that he was not a special fuel dealer or special fuel user. We affirm. The assessment is of a kind the director had the authority to make. Petition for review by the Administrative Hearing Commission is the exclusive method for challenging the assessment.[2] The taxpayer's status as special fuel dealer or user, whether a question of law or fact, is an issue the Administrative Hearing Commission had authority to decide. The trial court ruled correctly.

■ The taxpayer cites *Goldberg v. Barber and Sons Tobacco*, 649 S.W.2d 859 (Mo. banc 1983) for the proposition that a final assessment may be collaterally attacked if the director lacked jurisdiction to make the assessment. The case is not in point. It held that the director had no statutory authority to assess interest on delinquent cigarette taxes, and that a compromise undertaking to do so was not enforceable. Here the question is of the taxpayer's status, and not of the director's authority to make the kind of assessment he did. The argument that the taxpayer is not a licensee is likewise one which the Commission could have decided.

The taxpayer also complains about the director's petition in this action. The final assessment was attached as an exhibit, and this is sufficient to support the trial court's judgment, which we now affirm.

All concur.

---

1. The taxpayer's points transgress Rule 84.04(d), reading in pertinent part as follows:
   The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authorities thereunder....
   The points read as follows:
   1. The assessment of a special fuel tax by the Department of Revenue was void and the Circuit Court erred in holding that the assessment was not subject to a collateral attack in a court of law.

2. The Circuit Court erred in granting the State's motion for summary judgment when material facts were in dispute.
   We nevertheless elect to rule the merits, because the issue is clear.

2. *Com. Fed. Sav. & Loan v. Director of Rev.*, 752 S.W.2d 794, 799 (Mo. banc 1988); *Springfield Park Central Hospital v. Director of Rev.*, 643 S.W.2d 599, 600 (Mo.1983); *Com. Fed. Sav. & Loan v. Director of Rev.*, 796 S.W.2d 883, 886 (Mo. banc 1990).