**Mitchell C. WHITEHEAD, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 80077.

Supreme Court of Missouri,
En Banc.

Feb. 24, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Thomas L. Williams, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for Respondent.

PER CURIAM.

The Director of Revenue (director) appeals a decision finding that the director's assessment under section 143.751.4 [1] was barred by the statute of limitations contained in section 143.711.1. The decision of the Administrative Hearing Commission is affirmed.

Whitehead was president of Midwest All Cargo, Inc., (Midwest). Midwest did not file employer withholding tax returns for September and October 1990, but it did file withholding tax returns for December 1990 to August 1991. Midwest did not, however, pay any withholding taxes to the director for any of these periods.

On October 6, 1995, the director issued a penalty assessment against Whitehead under

---

1. All statutory references are to RSMo 1986.

section 143.751.4 in the amount of Midwest's unpaid withholding taxes for December 1990 to August 1991. The director also issued a notice of deficiency to Whitehead as a responsible party under section 143.241.2 for Midwest's unpaid withholding taxes for September and October 1990. Whitehead appealed both assessments to the administrative hearing commission (AHC).

Although the matter was not raised by any party, the AHC determined that the statute of limitations in section 143.711 barred the assessment under section 143.751.4 for the period of December 1990 to August 1991. The director's assessment under section 143.241.2 for September and October 1990 was upheld by the AHC. Only the director appeals.

 A decision of the AHC is to be upheld if it is authorized by law and supported by competent and substantial evidence upon the whole record, unless the result is clearly contrary to the reasonable expectations of the general assembly. *Becker Electric Company v. Director of Revenue*, 749 S.W.2d 403, 405 (Mo. banc 1988). The director argues that the AHC erred in raising the matter of the statute of limitations *sua sponte*.

The penalty in this case was included as a part of the notice of deficiency sent to the taxpayers. In deficiency proceedings the AHC's jurisdiction is *de novo*, even to the extent the AHC may change the director's assessment on grounds not previously raised by either the taxpayer in a protest or by the director in a deficiency notice. See *Matteson v. Director of Revenue*, 909 S.W.2d 356, 360 (Mo. banc 1995). As noted in *J.C. Nichols Co. v. Director of Revenue*, 796 S.W.2d 16 (Mo. banc 1990), the AHC is a hearing officer who exercises the same role as any administrative hearing officer authorized to hear contested cases within an agency.

Because the Commission announces the decision of the agency, the Commission's decision in this case to adjust the Director's assessment is within the authority of the Commission. It is within the authority of the Commission because it is within the authority of the agency. *Id.* at 20–21. The AHC did not err.

The director notes that the penalty assessment in this case was made against Whitehead, a "person" under section 143.751.4 and not the taxpayer, Midwest. Therefore, it is argued that section 143.711, which only applies to "taxpayers," does not apply. This argument was rejected in *Garland v. Director of Revenue*, 961 S.W.2d 824 (Mo. banc 1998).

The decision of the AHC is affirmed.