**Thomas C. JONES, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**Curtis D. Fischer, Respondent,**

v.

**Director of Revenue, Appellant.**

Nos. 80532, 80533.

Supreme Court of Missouri, En Banc.

Dec. 22, 1998.

6. Section 621.050.2, RSMo 1994.

7. *House of Lloyd,* 884 S.W.2d at 275–76.

8. *Id.*

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Thomas W. Collins, III, McDowell, Rice, Smith & Gaar, Kansas City, for respondent.

DUANE BENTON, Chief Justice.

The Director of Revenue assessed Thomas C. Jones and Curtis D. Fischer as responsible parties for the unpaid taxes of their respective corporations. *144.157.3; 143.241.2.*[1] Jones and Fischer appealed to the Administrative Hearing Commission, which reduced the amount of the assessments. The Director appeals. *Mo. Const. art. V, sec. 18; 621.189.* Affirmed in part, reversed in part, and remanded.

I.

*Thomas C. Jones* is president of House of Signs, Inc., which paints, letters, and installs custom signs. House of Signs did not file returns or pay sales tax from January 1992 to June 1993. The Director assessed unpaid sales tax, additions, and interest against House of Signs after each quarter. *144.170; 144.250.* Tax and additions totaled $7,861.70, plus interest. Because no returns were filed, the assessments were estimated. *144.250.4.* They became final when House of Signs failed to appeal to the AHC. *144.230.* House of Signs has never paid the tax, additions, and interest.

On December 11, 1995, the Director assessed Jones personally as a "responsible party" under section 144.157.3, for the same amounts as House of Signs.

Curtis D. Fischer was president of New Waves, Inc., which operated a furniture store. After New Waves was dissolved in 1995, Fischer incorporated Making New Waves, Inc. to continue the business. In May 1995, Making New Waves filed sales tax returns for December 1994 through April 1995, but paid no sales tax for these periods. The corporation filed no returns and paid no sales tax for October 1995 through December 1995. The corporation also failed to file and pay withholding tax for August 1995 through December 1995. Making New Waves was dissolved in December 1995, and the business sold in January 1996.

The Director assessed unpaid sales tax against Making New Waves for $15,135.69, plus additions, penalties, and interest. The Director also assessed unpaid withholding tax of $792.75, plus additions and interest. The sales tax assessments for October 1995 through December 1995 and all withholding tax assessments were estimated because no returns were filed for those periods. *144.250.4; 143.611.2.* The assessments against Making New Waves became final when the corporation did not appeal or protest. *144.230; 143.621.* Making New Waves has never paid the tax, additions, and interest.

On December 20, 1996, the Director assessed Fischer personally for the amounts owed by Making New Waves. The Director assessed unpaid sales tax for December 1994 as a penalty under section 144.157.1, but assessed the rest of the sales tax and all the withholding tax against Fischer as a "responsible party." *144.157.3; 143.241.2.*

Both Jones and Fischer appealed their personal assessments to the AHC. They dispute only the amount of the assessments, while admitting they are responsible parties.

With respect to Jones, the AHC found the Director's estimates exceeded actual liability because several transactions were not subject to sales tax, such as where the purchaser did not pay; labor-only transactions; or sales covered by exemption certificates, to religious and charitable entities, or outside Missouri. *144.210.1; 144.030; 144.010.1(7).* The

---

1. All statutory citations are to RSMo 1994.

AHC further reduced the assessment by the sales tax that House of Signs erroneously paid on the component parts or ingredients of the signs it sold. The AHC then calculated the amount of sales tax and additions, applying a rate of 6 percent. The AHC found Jones personally liable for $4,334.11 in tax and $565.41 in additions, plus interest.

The AHC also modified Fischer's assessments. Based on actual sales and payroll, it reduced the estimated sales and withholding assessments to reflect actual liability. In addition, the AHC did not assess Fischer for unpaid sales tax from January 1995 through April 1995, because returns were filed for those periods. The AHC found Fischer ultimately liable for $1,794.54 in unpaid sales tax and $111.00 in unpaid withholding tax, plus additions, penalties, and interest.

## II.

■ This Court affirms the AHC if its decision is authorized by law and supported by competent and substantial evidence upon the entire record. *Whitehead v. Director of Revenue,* 962 S.W.2d 884, 885 (Mo. banc 1998).

■ The Director does not attack the AHC's calculations. Rather, he challenges the AHC's redetermination of tax liability under sections 144.157.3 and 143.241.2. Under section 144.157.3, a "responsible party" owes a corporation's unpaid sales tax liability, under certain conditions:

Any officers, directors, statutory trustees or employees of any corporation ... who has the direct control, supervision or responsibility for filing returns and making payment of the amount of tax imposed in accordance with sections 144.010 to 144.745, and who fails to file such return and make payment of all taxes due with the director of revenue shall be personally assessed for such amounts, including interest, additions to tax and penalties thereon. This assessment shall be imposed only in the event that the assessment on the corporation is final, and such corporation fails to pay such amounts to the director of revenue.

*144.157.3.* Section 143.241.2, on withholding tax, similarly says:

Any officer, director, statutory trustee or employee of any corporation ... who has the direct control, supervision or responsibility for filing returns and making payment of the amount of tax imposed in accordance with sections 143.191 to 143.265, and who fails to file and pay such return with the director of revenue shall be personally assessed for such amounts, including interest, additions to tax and penalties thereon. This assessment shall be imposed only in the event that the assessment on the corporation is final, and such corporation fails to pay such amounts to the director of revenue.

*143.241.2.*

■ "In determining the meaning of a statute, the starting point is the plain language of the statute itself." *International Business Machines Corp. v. Director of Revenue,* 958 S.W.2d 554, 557 (Mo. banc 1998). The language in sections 144.157.3 and 143.241.2 clearly describes two separate assessments. The first assessment is against the corporation. Only after it is "final" can the Director "personally assess[ ]" the responsible party. Therefore, the second assessment against the responsible party is a new proposed assessment.

Proposed assessments under chapters 143 and 144 become final if the taxpayer does not appeal or protest. *144.230; 143.621.* If the taxpayer does appeal to the AHC, then the AHC renders the final decision of the Director. *J.C. Nichols Co. v. Director of Revenue,* 796 S.W.2d 16, 20–21 (Mo. banc 1990). The AHC has authority "to adjust the Director's assessment." *Id.* Accordingly, the Director assessed Jones and Fischer as responsible parties, they appealed to the AHC, and the AHC adjusted the Director's assessments.

The Director argues that the AHC has authority only to decide whether the taxpayer is a responsible party. No case addresses this issue under either 144.157.3 or 143.241.2. *See Whitby v. Director of Revenue,* 896 S.W.2d 636 (Mo. banc 1995); *Kraus v. Director of Revenue,* 935 S.W.2d 71 (Mo.App. W.D.1996); *Garland v. Director of Revenue,*

961 S.W.2d 824 (Mo. banc 1998). The Director argues that the AHC cannot modify an assessment under sections 144.157.3 and 143.241.2 because the responsible party owes "such amounts" only if the corporation does not pay "such amounts." The Director maintains that "such amounts" means that the amount assessed against the corporation becomes the amount that the responsible party should pay.

The AHC found that "such amounts" in section 144.157.3 refers to "the amount of tax imposed in accordance with sections 144.010 to 144.745" — the Sales Tax Law and Compensating Use Tax Law. *144.010.3; 144.600.* Similarly, the term "such amounts" in section 143.241.2 refers to "the amount of tax imposed in accordance with sections 143.191 to 143.265" — the law on withholding tax. *143.191.1; 143.221.1.* The AHC thus calculated the final assessments under all relevant tax law.

The AHC followed the plain language of the statutes. Before the first reference to "such amounts," the word "amount" appears once: "the amount of tax imposed in accordance with [the tax law]." Determining the amount a taxpayer owes is precisely the function of the AHC when it "announces the decision of the [Director of Revenue]." *J.C. Nichols,* 796 S.W.2d at 20. Significantly, it may adjust the proposed assessment up or down. *Id.* at 21. Therefore, the AHC properly examined the evidence and independently applied the law to determine Jones' and Fischer's liability.

■ The Director asserts that taxpayers thus have "two bites at the apple" and corporations have no incentive to litigate the first assessment. The Director argues that the AHC, by adjusting assessments against responsible parties, is re-opening the corporation's tax liability, which became final when it failed to exhaust its administrative remedies.

■ Parties may not relitigate claims and issues previously decided by a judgment on the merits. *Hupp v. Murphy Finance Co.,* 502 S.W.2d 345, 351 (Mo.1973); *Boswell v. American Ins. Co.,* 835 S.W.2d 454, 458–459 (Mo.App. S.D.1992). Timely appeal to the AHC was the exclusive method to challenge the sales tax assessments against the corporations. *144.261; See State ex rel. Director of Revenue v. White,* 796 S.W.2d 629 (Mo. banc 1990). Likewise, timely protest to the Director, followed by appeal to the AHC or to the circuit court, was the exclusive way to attack the withholding tax assessment of the corporation. *143.621; 143.841.*

■ A corporation's failure to exhaust its administrative remedies renders its assessment final and immune to collateral attack. *White,* 796 S.W.2d at 630. The corporation's liability is decided by the first (final) assessment, regardless of the amount of a new proposed assessment against a responsible party. Thus, the incentive to appeal the initial assessment against the corporation is unaffected by the authorization of a new proposed assessment against a responsible party.

■ In addition, responsible parties often cannot relitigate the facts underlying a corporate assessment. A judgment on the merits, including an adjudication by an administrative agency, precludes relitigation of a claim or issue by one in privity with a party in a prior proceeding. *See Bresnahan v. May Dept. Stores Co.,* 726 S.W.2d 327, 330 (Mo. banc 1987). However, merely not seeking review by an administrative agency (or not protesting to the Director) is not a judgment on the merits and is not entitled to preclusive effect. *See Callahan v. Cardinal Glennon Children's Hosp.,* 901 S.W.2d 270, 273 (Mo.App. E.D.1995); *Green v. City of St. Louis,* 870 S.W.2d 794, 796 (Mo. banc 1994). Before it can be preclusive, an administrative adjudication must be judicial or quasi-judicial (i.e., a hearing), not merely ministerial (i.e., not seeking review). Therefore, because House of Signs and Making New Waves never received a judicial or quasi-judicial hearing in this case, there was no judgment on the merits.

The Director finally asserts that independent assessments under sections 144.157.3 and 143.241.2 are absurd because different responsible parties can be assessed differing liabilities for the same tax period. In fact, those sections expressly contemplate assessments against multiple responsible parties.

*See Whitby,* 896 S.W.2d at 639. The Director may assess all responsible parties, and the AHC may fully review those assessments, subject to any preclusive effect of a prior judgment on the merits.

### III.

With respect to Fischer, the AHC did not assess sales tax for January 1995 through April 1995 because the corporation filed returns for these periods. The Director contends that section 144.157.3 imposes liability if the corporation does not pay sales tax, whether or not returns were filed. To the contrary, section 144.157.3 states that a responsible party "who fails to file such return *and* make payment of all taxes due with the director of revenue shall be personally assessed...." (emphasis added). By the plain language of the statute, responsible parties are liable only if they both: (1) fail to file a return, *and* (2) fail to pay all taxes due. Making New Waves filed returns but paid no sales tax. Therefore, Fischer is not liable for unpaid sales tax for the periods where returns were filed. The AHC's decision on this point is affirmed.

### IV.

With respect to Jones, the Director also challenges the AHC's decision to reduce his assessment by the sales tax that House of Signs paid on materials that became component parts or ingredients of the signs, whose sale the Director assessed. The Director argues that Jones did not comply with the statutory procedure to refund sales tax erroneously paid.

Refund claims must strictly follow statutory requirements. *Matteson v. Director of Revenue,* 909 S.W.2d 356, 360 (Mo. banc 1995); *Galamet v. Director of Revenue,* 915 S.W.2d 331 (Mo. banc 1996). However, there is no refund claim in this case. Actions under 144.157.3 are deficiency proceedings. When reviewing an assessment in a deficiency proceeding, the AHC determines the facts and applies the law. *See J.C. Nichols,* 796 S.W.2d at 20–21. The AHC's review is de novo, and it applies all law "within the authority of the [Director of Revenue]." *Id.; Matteson,* 909 S.W.2d at 360. Likewise, 144.157.3 expressly refers to all of the sales tax law, "sections 144.010 to 144.745."

Section 144.030.2 expressly exempts from taxation sales of component parts or ingredients. *144.030.2(2).* Sales tax is not due on purchases of materials that become component parts or ingredients of items that are sold. *Al–Tom Inv., Inc. v. Director of Revenue,* 774 S.W.2d 131, 134–135 (Mo. banc 1989). After the Director issues an assessment against a responsible party under 144.157.3, the AHC determines the correct amount of tax due on the transactions at issue. The AHC correctly credited Jones for the sales tax paid on the purchase of component parts or ingredients used to make the signs that are the basis of the assessment here. The point is denied.

Finally, the Director disputes the 6 percent sales tax rate applied by the AHC to compute Jones' assessment. In its decision, the AHC applied the rate of 6 percent, but made no express findings. The Director contends that the correct rate is 6.475 percent. At the AHC hearing, Jones used the 6.475 percent rate to compute his liability, and does not contest the Director's argument for that rate. The AHC's application of a 6 percent rate is not supported by substantial and competent evidence on the whole record. *Whitehead,* 962 S.W.2d at 885. Therefore, that portion of the AHC's decision is reversed.

### V.

The decision of the Administrative Hearing Commission with respect to Fischer is affirmed. The decision of the Administrative Hearing Commission with respect to Jones is affirmed, except as to the sales tax rate, which is reversed. The Jones case is remanded for proceedings consistent with this opinion.

All concur.