**NORMANDY SCHOOL DISTRICT,**
**Plaintiff/Respondent,**

v.

**CITY OF PASADENA HILLS, et al., Defendants/Appellants.**

No. ED 79422.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 2002.

Application for Transfer Denied
April 23, 2002.

Carl J. Lumley, Kevin M. O'Keefe, St. Louis, MO, for appellant.

Charles L. Ford, William T. Zorn, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

City of Pasadena Hills appeals from the grant of summary judgment in favor of Normandy School District permitting it to erect a modular classroom unit on the grounds of an elementary school within its district. We affirm.

Normandy School District ("school district") owns and operates Jefferson Elementary School located within a single family residence zoning district in the City of Pasadena Hills ("city"). In the mid 1990's, Jefferson Elementary experienced an increase in student enrollment without an increase in facilities. To relieve the overcrowding and to achieve pupil/teacher ratios set by the Department of Elementary and Secondary Education of the State of Missouri, school district asked city for a building permit to install temporary portable classrooms consisting of one modular unit at Jefferson Elementary. City denied school district's application for a building permit, stating the proposed modular unit failed to comply with section 405.060(B)(1) of city's zoning code, which regulates the number of stories of buildings within city's single family residence zoning district, and sections 505.040(A), 505.040(B), and 505.040(C), of city's building code, which regulates the exterior walls, roofing materials, and roof pitch of all buildings within city. School district appealed the adverse decision directly to the trial court. The trial court found that by failing to appeal to the Board of Adjustment ("BZA"), school district failed to exhaust its administrative remedies and dismissed school district's claim. This court affirmed that judgment in *Normandy School District v. City of Pasadena Hills,* 979 S.W.2d 941 (Mo.App.1998).

School district applied for a second building permit application, asking city for

permission to install a temporary, portable classroom at Jefferson Elementary. Once again, city denied the building application, stating it violated city's building and zoning ordinances. This time, school district appealed the decision to the BZA. The BZA, however, denied school district's appeal and upheld city's denial of the second building permit application.

School district appealed the adverse administrative decision to the trial court and filed a first and then second amended verified petition. The second amended petition sought declaratory judgment in count I, review of a non-contested case under section 536.150 in count II, and in the alternative sought a writ of certiorari under section 89.110 in count III. In its count for declaratory judgment, school district asserted that city's denial of the application for a building permit was unconstitutional, illegal, unlawful, and an abuse of discretion. Specifically, school district asserted several alternative theories: that it was exempt from city's zoning ordinance 405.060(B) because city cannot regulate a school district, school district's constitutionally based authority to educate students and construct schools takes precedence over and cannot be restricted by city's zoning ordinance, and that school district is not subject to the police power of city; that zoning ordinance 405.060(B), as applied to school district, is not a legitimate exercise of police power because the ordinance does not have a substantial and rational relation to the public health, safety, peace, comfort and general welfare; that school district is exempt from ordinance 405.060(B) because, as an arm of the State, it is not subject to city's zoning ordinances; and that ordinance 405.060(B), as applied, is unreasonable and an abuse of discretion.

School district moved for summary judgment and city moved to dismiss. The trial court granted school district's motion for summary judgment on counts I and II and dismissed count III. On count I, the trial court found that city lacked authority to regulate school district through its zoning ordinances, and that school district's statutory authority to provide public education and its responsibility to provide uncrowded facilities that comply with state standards were governmental functions which were not subject to control through municipal zoning ordinances. On count II, the trial court found that school district was performing a governmental function in the use of its property, and that city could not restrict school district from locating a modular unit in an "A" zoning district, which included school district's property. City appealed the trial court's judgment.

 Our standard of review of the trial court's grant of summary judgment is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the evidence in the light most favorable to the party against whom judgment was entered and we accord the non-movant the benefit of all reasonable inferences from the record. *Id.* A grant of summary judgment will be affirmed if there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. *Id.* at 378.

In its first claim of error, the city asserts that the trial court erred procedurally in granting summary judgment to school district for two reasons. First, city claims that school district's exclusive procedural relief from an adverse BZA decision was judicial review pursuant to section 89.110 RSMo 1994 [1].

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

The trial court rejected city's argument that school district's exclusive remedy was a certiorari proceeding under section 89.110, finding that the exercise of zoning power is a legislative function, and that a certiorari proceeding was not appropriate for testing the validity of a legislative act. The trial court found that it had jurisdiction "because the zoning decision was a legislative act and properly raised in a declaratory judgment action." We first note that the trial court erroneously declared the law when it found that the denial of a building permit by the BZA was a legislative act. Denial of a building permit is a ministerial or administrative act. *Wolfner v. Board of Adjustment of the City of Frontenac,* 672 S.W.2d 147, 150 (Mo.App.1984); *Fewin v. City of Poplar Bluff,* 768 S.W.2d 594, 595 (Mo.App.1989). But this does not resolve our inquiry as to the appropriate remedy.

City correctly asserts that if there is an adequate statutory remedy the procedure prescribed is exclusive. *Ackerman v. City of Creve Coeur,* 553 S.W.2d 490, 493 (Mo.App.1977). Here we must decide whether limited review by writ of certiorari offers an adequate statutory remedy in light of the challenges which school district has asserted to the zoning ordinance.

Statutory review by writ of certiorari is unavailable when the aggrieved party is challenging the validity of an ordinance. *Allen v. Coffel,* 488 S.W.2d 671, 673 (Mo.App.1972). Certiorari under section 89.110 will not lie to review the exercise of legislative power through the challenge of the lawfulness of an ordinance. *Id.* "The effect of [section 89.110] is to limit review by certiorari to the decisions, that is, the judicial acts of the agencies therein specified." *Id.* Here, school district, in its petition, challenged the city's denial of a building permit as unconstitutional, illegal and unlawful. Furthermore,

school district asserted that it was exempt from the ordinance because: city cannot regulate a school district, its constitutionally based authority to educate students and construct schools takes precedence over the city's zoning ordinance, school district is not subject to city's police power, and that as an arm of the state, school district is exempt from city's zoning ordinance. Although school district did not contend that city's zoning ordinance was facially invalid, it did claim that the ordinance as applied to school district was unconstitutional, illegal, and unlawful. School district's suit sought more than a limited review of the decision of the BZA authorized under the statutory certiorari proceeding in section 89.110. We therefore hold that the trial court had general plenary jurisdiction to consider school district's claims.

Additionally, city asserts that the trial court is precluded from exercising both its general plenary jurisdiction pursuant to the declaratory judgment act and its limited statutory jurisdiction pursuant to section 89.110. City relies on *Deffenbaugh Industries, Inc. v. Potts,* 802 S.W.2d 520 (Mo.App.1990) which found that "in a statutory proceeding for judicial review of a final administrative decision, pleadings for declaratory judgment and injunction are anomalous—and a judgment entered upon them, *coram non judice* and void." *Id.* at 522. Here, school district's request for limited review under section 89.110 was an alternative to its request for general relief by way of declaratory judgment. The trial court exercised only its general plenary jurisdiction in granting school district's request for declaratory relief, and the court dismissed the claim for limited statutory review under section 89.110. Because the trial court did not exercise its limited statutory review under section 89.110, there was no conflict with its exercise of general

plenary jurisdiction. *See State ex rel. Drury Displays, Inc. v. City of Columbia,* 907 S.W.2d 252, 255 (Mo.App.1995).

In the second prong of city's first point on appeal, it claims school district's petition is time-barred because it was not filed in the trial court within thirty days of the adverse decision. Section 89.110. Because we conclude that the trial court properly exercised its plenary jurisdiction and that its jurisdiction was not limited to a writ of certiorari under section 89.110, we need not reach this issue.

In city's second point on appeal, it asserts the trial court erred in granting summary judgment in favor of school district because city's regulations are valid, city has authority to enforce its regulations against school district's proposed modular unit, and section 700.035 did not exempt school district's modular unit from regulation.

City maintains that it has authority to regulate and control the location, use, and construction of buildings within its boundaries through its zoning and building ordinances. City asserts, and school district concedes, that the proposed modular unit violates city's zoning ordinance section 405.060(B)(1), which regulates the number of stories of buildings, and city's building code, sections 505.040(A), (B), and (C), which regulate the exterior walls, roofing materials, and roof pitch, respectively. City argues these ordinances were enacted pursuant to police or zoning powers and are presumed valid and lawful, and school district therefore bears the burden of proving their invalidity. *Schnuck Markets, Inc. v. City of Bridgeton,* 895 S.W.2d 163, 166 (Mo.App.1995).

School district, however, did not challenge the facial validity of the ordinances, but instead challenged city's authority to regulate school district's installation, location, and use on public school grounds of a modular unit that bears the Missouri Public Service Commission ("PSC") seal. We first address the city's authority to regulate the height of school district's modular building under section 405.060(B)(1) of city's zoning ordinances.

Sections 89.010—89.140 of Missouri's Enabling Act provide cities authority to enact zoning regulations. *City of Kirkwood v. City of Sunset Hills,* 589 S.W.2d 31, 36 (Mo.App.1979); *Congregation Temple Israel v. City of Creve Coeur,* 320 S.W.2d 451, 453 (Mo.1959). Section 89.020 provides that the legislative body of the city has power to regulate and restrict the location and use of building, structures, and land for trade, industry, residence or other purposes. Section 89.020, however, "contains no express grant of power to cities to regulate or restrict the location of *schools or other public buildings.... "* *State ex rel. St. Louis Union Trust Co. v. Ferriss,* 304 S.W.2d 896, 900 (Mo. banc 1957). "[I]n the absence of an express grant of power to so ordain, municipal zoning ordinances cannot encroach upon or limit the absolute right of the state or its lawfully designated subdivisions or agencies to select, locate and acquire land and buildings for public use, such as schools...." *Id.* at 901.

City, however, argues, by denying the building permit, it did not regulate the use of school district's property, but only regulated the construction of the modular unit by controlling its height. City concedes that under *Ferriss,* a city cannot lawfully restrict a school district from selecting, locating and procuring sites for public schools. However, it asserts that this holding does not bar city's zoning code from regulating the height of a school structure. Missouri courts have recognized the right of cities, in the exercise of the police power delegated by the State, to

regulate certain aspects of the operation of public school facilities, such as collecting fees for inspections of boilers, *Kansas City v. School Dist. of Kansas City*, 356 Mo. 364, 201 S.W.2d 930 (1947) and regulating sanitary conditions of restaurants in public school buildings. *Smith v. Board of Ed. of City of St. Louis*, 359 Mo. 264, 221 S.W.2d 203 (1949). However, the power of cities to regulate structural and architectural designs of buildings under the Zoning Enabling Act, sections 89.010 et seq, is limited to "buildings, structures and land for trade, industry, residence or other purposes." *City of Sunset Hills*, 589 S.W.2d at 36. The terms "trade, industry, residence" all relate to private property and the reference to "other purposes" does not extend the zoning power to restrict the use of public property for public purposes. *Id.* (citing *State of Missouri ex rel. Askew v. Kopp*, 330 S.W.2d 882 (Mo.1960); *Ferriss*, 304 S.W.2d at 900.)

 Section 405.060(B)(1) of city's zoning code, which regulates the number of stories of buildings within city's single family residence zoning district, had the effect of controlling and regulating how school district uses its property for public purposes. City's authority under the zoning code cannot extend to "restrict or limit the use of public property for public purposes." *City of Sunset Hills*, 589 S.W.2d at 36. We therefore find that the city did not have authority to deny a building permit based on school district's failure to comply with restrictions on number of stories of buildings set out in section 405.060(B)(1) of city's zoning code.

We turn next to city's claim that its building code sections 505.404(A), (B), and (C) prohibit the school district's modular classroom. City maintains that the trial court erred in holding section 700.035 exempts school district's modular unit from compliance with city's building code. Section 700.035 provides, in pertinent part, as follows:

1. If a manufactured home or modular unit carries a seal as provided in sections 700.010 to 700.115, no agency of this state, nor any municipality or other local governmental body shall require such manufactured home or modular unit to comply with any other building, plumbing, heating or electrical code other than the code established by sections 700.010 to 700.115.

Under the express terms of section 700.035, city is prohibited from requiring that school district's modular unit comply with any building codes other than sections 700.010 to 700.115. If school district's modular unit bore the PSC seal, then this statute specifically exempts the modular unit from the necessity of compliance with sections 505.404(A), (B), and (C) of city's building code.

 City asserts that school district failed to meet its burden of proving for summary judgment purposes that the modular unit bears the PSC seal. This claim is without merit. John Young, the director of maintenance for school district, testified by affidavit that the modular unit bears the PSC seal. Furthermore, city admitted in its response to school district's summary judgment motion that the modular units bears the PSC seal. The summary judgment facts in the record show there was no genuine dispute that school district's modular unit bears the PSC seal in compliance with section 700.035. We find the trial court did not err in finding that city lacked the authority to regulate school district's installation, location, and use of the modular unit that bears the PSC seal. Point denied.

 In city's last point of error, it argues that school district waived its

claims of exemption from city's regulations by applying for a permit application from city and that *res judicata* prevents any relitigation. On its claim of waiver, city asserts that since school district voluntarily applied for the building permit for its modular unit twice, it waived its claims of exemption and cannot now assert that city's administrative procedures do not apply to school district. School district, by applying for a building permit, did concede that city's ordinances applied, and could therefore not rely upon an exception to the general rule concerning the exhaustion of administrative remedies. Contrary to city's argument, school district need not comply with city's general building ordinances (sections 405.060(B)(1), 505.040(A), 505.040(B), and 505.040(c)), because pursuant to section 700.035, school district complied with the specific building codes dealing with the construction of the modular units. Therefore, since school district's modular unit had the PSC seal, it was not required to comply with any other building codes, except for section 700.035. School district did not waive any rights of exemption under the general building codes by applying for a building permit to install a modular unit that complies with section 700.035.

■■■ City further asserts school district's claim is barred by *res judicata* because of its prior attempt to litigate city's denial of a building permit in *Normandy School District v. City of Pasadena Hills,* 979 S.W.2d 941 (Mo.App.1998). School district's claim, however, was dismissed by the trial court and affirmed by this court because of school district's failure to exhaust its administrative remedies. *Res judicata* will not attach from a dismissal for failing to exhaust administrative remedies. *See Jones v. Director of Revenue,* 981 S.W.2d 571, 575 (Mo. banc 1998) (finding

that "merely not seeking review by an administrative agency ... is not a judgment on the merits and is not entitled to preclusive effect"). Therefore, because school district never received an administrative hearing in the prior case, there was no judgment on the merits and *res judicata* does not apply. Point denied.

The judgment of the trial court is affirmed.[2]

RICHARD B. TEITELMAN, P.J., and PAUL J. SIMON, J., concur.

2. School district's motion to file supplemental transcript is denied.