Forest G. PARKER, Appellant,

v.

CITY OF SAINT JOSEPH,
Missouri, Respondent.

No. WD 64000.

Missouri Court of Appeals,
Western District.

June 28, 2005.

Jeffrey W. Bruce, Belton, MO, for Appellant.

Janice E. Farr, Matthew J. Gist, Kansas City, MO, for Respondent.

Before HARDWICK, P.J., ULRICH and NEWTON, JJ.

LISA WHITE HARDWICK, Judge.

Forest Parker, a former supervisory employee for the City of St. Joseph, sought judicial review of his employment termination under the contested case provisions of the Missouri Administrative Procedure Act ("MAPA"), § 536.100, RSMo. 2000. The circuit court dismissed the petition for judicial review based on a lack of subject matter jurisdiction. Parker appeals from the court's determination that he failed to exhaust his administrative remedies. We affirm the dismissal because Parker failed to arbitrate his employment grievance, as required by the City's administrative procedure.

## FACTUAL AND PROCEDURAL HISTORY

Parker was employed by the City of St. Joseph for twenty-two years as the Superintendent of Waste Water Operations. In March 2003, the City's Director of Public Works notified Parker that his employment was terminated for cause.

Pursuant to grievance procedures in Section 15 of the City Personnel Code, Parker appealed the Director's decision to the City's Personnel Board. Following a hearing, the Personnel Board concluded the decision to remove Parker from his supervisory position was just and reasonable. However, the Board recommended to the City Manager that Parker be demoted to a non-supervisory position instead of being terminated.

After review of the Board's recommendation, the City Manager upheld the employment termination and notified Parker of his right to pursue arbitration. The City Personnel Code provides that "[t]he decision of the arbitrator on the appeal shall be final and conclusive, except that any decision pertaining to pay, retirement benefits, or the expenditure of money, shall be subject to City Council approval by Ordinance." § 15.2.6.2. Parker timely filed for arbitration of his grievance.

Prior to the arbitration hearing, Parker also filed a Petition for Judicial Review in the Circuit Court of Cole County. The City moved to dismiss the petition for lack of subject matter jurisdiction because Parker failed to exhaust his administrative

remedy of arbitration under the Personnel Code. The circuit court granted the motion to dismiss, and Parker appeals.

## POINT ON APPEAL

■ In his sole point on appeal, Parker contends the circuit court erred in determining that he failed to exhaust all administrative remedies under the City's Personnel Code. The court concluded it did not have subject matter jurisdiction because arbitration was the final step of the City's administrative grievance procedure, and Parker prematurely sought judicial review of his employment termination before the arbitration was conducted. Parker argues the City made its final administrative decision when the City Manager terminated his employment. He asserts the arbitration requirement violated his right to immediate and direct judicial review of the City's final decision, as provided in the Missouri Constitution, Art. V, § 18,[1] and MAPA, § 536.100. Thus, he contends the circuit court could not require him to arbitrate before seeking judicial review of the City's employment termination decision.

■ The exhaustion of administrative remedies is a jurisdictional requirement for judicial review under MAPA, § 536.100.[2] "The purpose of exhaustion is to prevent premature interference with agency processes so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record that is adequate for judicial review." *Doody v. State, Dep't of Soc.* *Servs., Div. of Child Support Enforcement,* 993 S.W.2d 563, 565 (Mo.App.1999). Exhaustion occurs when every step of the administrative procedure has been completed and the agency renders a final decision. *Maynes Const. v. City of Wildwood,* 965 S.W.2d 949, 952 fn. 1 (Mo.App.1998). "A decision is final if the agency arrived at a terminal, complete resolution of the case." *Hayward v. City of Independence,* 967 S.W.2d 650, 652 (Mo.App.1998).

■ When exhaustion is required and a party fails to pursue all administrative remedies, the circuit court is without subject matter jurisdiction and the only recourse is to dismiss the cause. *Golden Rule Ins. Co. v. Mo. Dep't of Ins.,* 56 S.W.3d 471, 474 (Mo.App.2001). The propriety of the circuit court's jurisdiction is "solely an issue of law[,]" which we review *de novo.* *McCoy v. Caldwell County,* 145 S.W.3d 427, 428 (Mo. banc 2004).

Parker relies on *Asbury v. Lombardi,* 846 S.W.2d 196 (Mo. banc 1993), in arguing that he could not be required to arbitrate in order to exhaust his administrative remedies. In *Asbury,* the constitutionality of the grievance procedure in the State Personnel Law, § 36.390.9, RSMo 1986, was at issue. *Id.* at 198. The statute permitted aggrieved state employees to appeal final decisions of the Personnel Advisory Board to either the Administrative Hearing Commission (AHC) or the circuit court, but not both. *Id.* at 199. The Supreme Court determined the statutory procedure was unconstitutional because any appeal to the AHC would preclude judicial review. *Id.* at 202.

---

1. Art. V., § 18 provides in relevant part: "All final decisions, findings, rules and orders on any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law[.]"

2. Section 536.100 provides in relevant part: "Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case ... shall be entitled to judicial review thereof ..."

The arbitration procedure in the City's Personnel Code does not preclude judicial review. The Code provision stating that the arbitrator's decision "shall be final and conclusive" indicates only that arbitration is the terminal step in the administrative procedure. The *Asbury* decision recognized that additional levels of administrative review may be required, as long as judicial review is immediately available once the agency decision is final. *Id.* Under the Personnel Code, Parker would be entitled to judicial review immediately after the arbitration decision is rendered and the City Council approves or disapproves any compensation awarded.[3] Accordingly, the City's grievance procedure does not violate his constitutional or statutory right to have the employment termination decision directly reviewed by the courts.

Parker further argues that a decision from an outside arbitrator is not one from an agency or administrative officer, as is required to invoke jurisdiction for judicial review. That issue was addressed in *Roberts v. City of St. Joseph*, 637 S.W.2d 98, 101–02 (Mo.App.1982), where we recognized that grievance procedures requiring arbitration as a final step in the public sector is a trend favored by the courts. As mandated by the City's Personnel Code, the selection and vesting of arbitration power in an outside arbitrator constitutes the arbitrator as a "public body." *Id.* at 103. We find nothing improper about the use of an arbitrator here, because the City retains ultimate authority to approve or disapprove any compensation awarded and Parker retains the right to judicial review once the administrative procedure is completed.

The circuit court correctly determined that Parker failed to exhaust his administrative remedies under the City's grievance procedure. The dismissal of the Petition for Judicial Review is affirmed, as the court did not have subject matter jurisdiction.

All concur.

---

**3.** The City argued on appeal that this case would not be subject to judicial review as a contested case following the City Manager's decision because Parker did not have a hearing (before the City Personnel Board) at which his legal rights were determined, as required by *McCoy*, 145 S.W.3d at 428–29. The City concedes, however, that once the arbitration procedure is completed, this would be a contested case subject to judicial review.