

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| ST. LOUIS METROPOLITAN TOWING,    ) | |
| ) | |
| Appellant,    ) | |
| ) | **WD77241** |
| v.    ) | |
| ) | **OPINION FILED:** |
| ) | **September 2, 2014** |
| DIRECTOR OF REVENUE,    ) | |
| ) | |
| Respondent.    ) | |

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Daniel R. Green, Judge**

**Before Division I:** Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick and Karen King Mitchell, Judges

St. Louis Metropolitan Towing ("Metro Towing") appeals the Judgment of the Circuit Court of Cole County, Missouri, affirming the Administrative Hearing Commission's ("AHC") dismissal of Metro Towing's petition for review regarding the Director of Revenue's ("Director") letter notifying Metro Towing that its application for a salvage dealer license had already been denied. We affirm.

### Factual and Procedural Background

Metro Towing is a partnership owned by William A. Bialczak and Kenneth J. Bialczak and operating in St. Louis, Missouri. On December 3, 2010, William and Kenneth Bialczak each

pleaded guilty to income tax evasion under 26 U.S.C. § 7201. On January 18, 2013, the Director received Metro Towing's application for a license as a salvage dealer or dismantler, a body shop or rebuilder, and a scrap processor[1] ("January 18 Application"). William and Kenneth Bialczak were listed as the two owners/partners of Metro Towing.

On February 4, 2013, the Director sent Metro Towing a "Notice of Refusal to Issue or Renew License" ("February 4 Decision"). The February 4 Decision stated that the Director's decision to reject Metro Towing's January 18 Application was due to Metro Towing's failure to meet the requirements of section 301.559.3[2] and 12 CSR 10-23.160, which require an applicant for licensure as a salvage dealer to be of good moral character. Additionally, the Director refused to issue or renew the license because the applicant had "within ten years prior to the date of the application, been finally adjudicated and found guilty, or entered a plea of guilty . . . for [an] offense, an essential element of which is fraud, dishonesty, or an act of violence; or for any offense involving moral turpitude." § 301.562.2(3). The February 4 Decision notified Metro Towing that if it was adversely affected by the decision, it must file an appeal with the AHC within thirty days after the decision was mailed.

Metro Towing did not appeal the February 4 Decision to the AHC. Instead, on June 10, 2013, Metro Towing re-submitted its application ("June 10 Application") in substantially similar form as the January 18 Application.

The Director sent a letter to Metro Towing on June 11, 2013 ("June 11 Letter"), returning the June 10 Application and check to Metro Towing and notifying Metro Towing that the Director had already received the original January 18 Application to renew, which it had denied on February 4, 2013.

---

[1] Each business is defined in section 301.010.
[2] All statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2012 Cumulative Supplement.

On June 12, 2013, Metro Towing filed an administrative review request with the AHC to appeal the Department's June 11 Letter. On July 29, 2013, the AHC issued its decision dismissing Metro Towing's request for review, stating:

> [Metro Towing] failed to timely appeal the Director's February 4 decision; as a consequence, the Director's determination that its owners lacked the good moral character required for licensure by § 301.559.3 and 12 CSR 10-23.160 must stand, at least until the prima facie presumption embodied in that decision no longer applies. The June 11 letter is not a "decision of the Director" from which [Metro Towing] may appeal under § 621.050.

The AHC also concluded that failure to dismiss Metro Towing's request for review "would create a 'whack-a-mole' situation, where the Director is required to repeatedly deny identical applications until the applicant obtains the desired approval, resulting in an unwarranted increase in the Department's cost of administering the licensing statute."[3]

Metro Towing filed a petition for administrative review on August 16, 2013, in the Circuit Court of Cole County. The circuit court issued its findings of fact, conclusions of law, and judgment on December 31, 2013, upholding the AHC's decision.

Metro Towing appeals.

## Standard of Review

"In an appeal following judicial review of an agency's administrative action, [an appellate court] reviews the decision of the agency, not the circuit court." *TAP Pharm. Prods., Inc. v. State Bd. of Pharmacy*, 238 S.W.3d 140, 141 (Mo. banc 2007). Article V, section 18 of the Missouri Constitution provides for judicial review of final administrative agency "decisions, findings, rules and orders" to determine whether they are authorized by law and "are supported

---

[3] At oral argument, counsel for Metro Towing advocated that we need not worry about the "whack-a-mole" repeated application filings (in lieu of complying with the required statutory and regulatory appellate process) dilemma because counsel personally had not seen such a dilemma in the past thirty years and we should treat the present situation of a rejected licensure applicant bypassing the statutory and regulatory appellate scheme by filing a new identical application as a "no harm-no foul" situation. We are not, however, permitted to ignore the law.

by competent and substantial evidence upon the whole record." Section 536.140.2 further provides that the scope of judicial review extends to a determination of whether the action of the agency: is in violation of constitutional provisions; is in excess of the statutory authority of the agency; is unsupported by competent and substantial evidence on the record; is otherwise unauthorized by law; is made upon unlawful procedure or without a fair trial; is arbitrary, capricious, or unreasonable; or involves an abuse of discretion. Questions of law are reviewed *de novo*. § 536.140.3.

## Analysis

Metro Towing asserts two points on appeal, both contending that the AHC had no statutory authority to refuse its administrative appeal or give preclusive effect to the February 4 Decision. Because Metro Towing's points are sufficiently related, we consider them together.

One of the requirements for licensure as a salvage dealer is that the Director must be satisfied that "each of the partners . . . of the applicant, if a partnership . . . , is of good moral character." § 301.221.1. The Director has established guidelines to determine if an applicant for registration as a salvage dealer should be denied registration because of lack of good moral character:

> (1) Except with a showing of evidence to the contrary, the following will be considered *prima facie* evidence on which the registration of a . . . salvage dealer . . . will be denied because of lack of good moral character if the applicant:
> . . . .
> (B) Within five (5) years preceding the application, has been convicted in any federal or state court of a felony . . . .

12 CSR 10-23.160 (emphasis added). William and Kenneth Bialczak were listed on the January 18 Application as the two owners/partners of Metro Towing. Both of them pleaded guilty to income tax evasion on December 3, 2010, which was *prima facie* evidence under the

4

guidelines that they lacked the good moral character for licensure. 12 CSR 10-23.160(1). There is no evidence in the record that Metro Towing requested a hearing to rebut that presumption by "showing substantial rehabilitation or improvement in character." 12 CSR 10-23.160(2). In its February 4 Decision, the Department cited section 301.559.3 and 12 CSR 10-23.160 as well as section 301.562.1 as the bases for rejecting Metro Towing's January 18 Application because its owners lacked good moral character and had recent felony convictions for tax evasion.

Under section 621.050.1, any person or entity has the right to appeal to the AHC "from any finding, order, [or] decision" made by the Director "by the filing of a petition with the [AHC] within thirty days after the decision of the [D]irector is placed in the United States mail or within thirty days after the decision is delivered, whichever is earlier." The Director's decision is required to contain a notice of the right to appeal. § 621.050.1.[4] "Failure to comply with statutory time for appeal in an administrative proceeding results in a lapse of jurisdiction and loss of right of appeal." *Cmty. Fed. Sav. & Loan Ass'n v. Dir. of Revenue*, 752 S.W.2d 794, 799 (Mo. banc 1988) (citing *Springfield Park Cent. Hosp. v. Dir. of Revenue*, 643 S.W.2d 599 (Mo. 1983); *Randles v. Schaffner*, 485 S.W.2d 1 (Mo. 1972); *Cardinal Glennon Mem'l Hosp. Coffee Shop v. Dir. of Revenue*, 624 S.W.2d 115 (Mo. App. W.D. 1981)).

The procedures applicable to an appeal from the Director's decision to the AHC are those established by chapter 536. § 621.050.2. To be entitled to judicial review of a final agency decision, section 536.100 requires the aggrieved party to "exhaust[ ] all administrative remedies provided by law." "The purpose of exhaustion is to prevent premature interference with agency

---

[4] As required by section 621.050.1, the Director included a notice of this right to appeal in the February 4 Decision:

> You are further notified that, if you were adversely affected by this decision, you may file an appeal with, and have a hearing before, the Administrative Hearing Commission, PO Box 1557, Jefferson City, MO 65102, as provided by Chapter 621, RSMo. Such appeal must be filed with the Administrative Hearing Commission within thirty days after the date this decision was mailed.

processes so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record that is adequate for judicial review." *Parker v. City of Saint Joseph*, 167 S.W.3d 219, 221 (Mo. App. W.D. 2005) (internal quotation omitted). "Exhaustion occurs when every step of the administrative procedure has been completed and the agency renders a final decision." *Id.* If the agency arrives at a terminal, complete resolution of the case, then a decision is final. *Id.*

Metro Towing opted not to exercise its right under section 621.050 to appeal the February 4 Decision rejecting Metro Towing's application for a salvage dealer's license to the AHC. Because Metro Towing did not appeal the Director's February 4 Decision to the AHC within thirty days after the decision was mailed to Metro Towing, the Director's decision was final for purposes of administrative review and not subject to collateral attack. *State ex rel. Lohman v. Latimer*, 4 S.W.3d 560, 562 (Mo. App. S.D. 1999).

Metro Towing presented no new information in the June 10 Application[5] for the Director's consideration, particularly with regard to Metro Towing's ownership. By submitting the June 10 Application, Metro Towing attempted to bypass the AHC and the procedures mandated by the General Assembly for judicial review. Metro Towing had an adequate remedy to challenge the Director's denial of its application for a salvage dealer license, but it let the time for seeking that remedy expire. *See Shelton v. Farr*, 996 S.W.2d 541, 543 (Mo. App. W.D. 1999). It cannot revive its action by filing a second substantially identical application. Metro Towing's failure to appeal the February 4 Decision to the AHC rendered the Director's decision

---

[5] At oral argument, counsel for the Director conceded that if Metro Towing were to file a subsequent application that did, in fact, provide the Director with relevant new information, the Director may look upon such application as a materially different licensure application that may invoke the requirement of a new evaluation of such application. Since that factual scenario is not before us, however, we need not and do not address it.

regarding denial of Metro Towing's salvage dealer license application final and not susceptible to collateral attack.[6]

Points I and II are denied.

## Conclusion

The decision of the circuit court affirming the decision of the AHC is affirmed.

_____
Mark D. Pfeiffer, Presiding Judge

Lisa White Hardwick and Karen King Mitchell, Judges, concur.

---

[6] Metro Towing cites to *Jones v. Director of Revenue*, 981 S.W.2d 571 (Mo. banc 1998) and *Normandy School District v. City of Pasadena Hills*, 70 S.W.3d 488 (Mo. App. E.D. 2002), in support of its contention that, effectively, it is entitled to ignore its statutory and regulatory appeal requirements upon an adverse licensure decision from the Director by simply re-submitting the same application to the Director. Neither case aids Metro Towing. In *Jones*, there were administrative actions against two separate entities responsible for the same tax assessments—a corporation and a separate individual. *Jones*, 981 S.W.2d at 573. The corporation did not appeal the assessment and the court concluded that the "corporation's failure to exhaust its administrative remedies renders its assessment final and immune to collateral attack." *Id.* at 575. However, the separate individual who received a subsequent assessment for the same tax obligation was permitted to appeal because, as one who was merely in privity with the corporation, the individual was not precluded from litigating the alleged tax obligation because there had not been a previous judgment on the merits. *Id.* Unlike *Jones*, Metro Towing is *not* a party in privity to the February 4 Decision—it is *the* party who received the adverse ruling from the Director. Thus, like the corporate entity in *Jones*, Metro Towing is not permitted to collaterally attack the February 4 Decision by re-filing a subsequent application substantially identical to the January 18 Application that had already been denied. The *Normandy* case is also distinguishable. In *Normandy*, the party receiving an adverse administrative ruling attempted to appeal the administrative decision, but skipped a step in the appellate process, leading to a dismissal of its appeal. *Normandy*, 70 S.W.3d at 490. After the dismissal, the appealing party re-submitted its appeal to the appropriate administrative review tribunal and the court concluded that *res judicata* would not operate to bar the administrative appeal. *Id.* Here, conversely, Metro Towing never attempted to appeal from the original adverse ruling of the February 4 Decision. Thus, *Normandy* is inapposite.