**STATE of Missouri, ex rel. DIRECTOR OF REVENUE, Appellant,**

v.

**Eldon C. ANDERSON, Respondent.**

No. 21567.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 19, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for respondent.

PARRISH, Presiding Judge.

This is an appeal of an action for collection of state income taxes assessed by the Director of Revenue (the director) against Eldon C. Anderson. The trial court entered judgment for Anderson. This court reverses and remands.

Mr. Anderson was an over-the-road truck driver. He filed no Missouri income tax return for 1992, although he filed a federal income tax return using a Missouri address. The address he used was his sister's residence in Joplin, Missouri. His employer sent his W–2 form to the Missouri address. He testified he was living in Texas; that he "lived in two different places down there in Austin at the time."

The director notified Mr. Anderson by certified mail dated November 22, 1994, that a proposed assessment of unpaid tax had been made against him. The amount was not paid. Thereafter, the attorney general was notified that the assessment had been made and that Mr. Anderson owed the State of Missouri the following amount for the year 1992:

| TAX DUE | ADDITIONS TO TAX | PENALTY | INTEREST BEFORE DEMAND | INTEREST AFTER DEMAND | TOTAL DUE |
|---|---|---|---|---|---|
| $794.88 | $198.72 | 0 | $194.17 | $15.03 | $1,202.80 |

The state presents one point on appeal. It contends the trial court erred in entering judgment for Mr. Anderson because he failed to timely seek administrative review of the assessment from the director or from the Administrative Hearing Commission; that he could not collaterally attack the final assessment of delinquent income taxes in this action, a tax collection proceeding filed under § 143.861.[1]

The director's actions were in accordance with § 143.611.2. It requires:

> If the taxpayer fails to file an income tax return, the director of revenue shall estimate the taxpayer's taxable income and the tax thereon from any available information and notify the taxpayer of the amount proposed to be assessed as in the case of a deficiency.

When review of a tax return discloses a deficiency, the director is required to "notify the taxpayer of the amount of the deficiency proposed to be assessed." § 143.611.1. Section 143.611.3 provides that the notice required by § 143.611.1 and .2 is "a notice of deficiency." It requires the notice of deficiency to be mailed by certified or registered mail to the taxpayer at his last known address.

Section 143.621 states:

> Sixty days after the date on which it was mailed (one hundred fifty days if the taxpayer is outside the United States), a notice of deficiency shall constitute a final assessment of the amount of tax specified together with interest, additions to tax, and penalties *except only for such amounts as to which the taxpayer has filed a protest with the director of revenue.* [Emphasis added.]

Mr. Anderson filed no protest with the director. Upon expiration of sixty days next following November 22, 1994, the notice of deficiency constituted final assessment against Mr. Anderson of the amounts stated in the notice.

The director certified the matter to the attorney general for institution of suit against Mr. Anderson as prescribed by § 143.861.3. The certificate of the director stated the amount that was owed by Mr. Anderson. It was submitted to the trial court. The certificate was prima facie evidence of the amount due. It was also prima facie evidence that the director had followed the applicable statutes in securing final assessment against Mr. Anderson. *See* § 143.861.3.

The state's point on appeal is well taken. The procedure for contesting the assessment of income tax by one who failed to file a Missouri income tax return is prescribed by § 143.621 and § 621.050.1. A taxpayer (who is not outside the United States) may challenge a notice of assessment by filing a protest with the director within 60 days following mailing of the notice. By so doing, a taxpayer prevents the notice of deficiency from becoming a final assessment.

In the event a protest is filed and a decision is rendered by the director adverse to the taxpayer, § 621.050.1 affords the taxpayer the right to appeal the director's decision to the Administrative Hearing Commission. That procedure was Mr. Anderson's exclusive remedy for litigating the issue of whether he owed the assessed tax. *See State ex rel. Director of Revenue v. White,* 796 S.W.2d 629, 629–30 (Mo. banc 1990). It was not followed. The notice of deficiency became a final assessment. It cannot be collaterally attacked in this action.

The judgment is reversed. The case is remanded with directions to enter judgment for the state in the amount certified by the director.

MONTGOMERY, C.J., and BARNEY, J., concur.

1. References to statutes are to RSMo 1994.