**STATE of Missouri ex rel. Janette M. LOHMAN, Director of Revenue, Plaintiff–Respondent,**

**v.**

**Timothy G. LATIMER, Defendant–Appellant.**

**No. 22638.**

Missouri Court of Appeals, Southern District, Division Two.

July 21, 1999.

Motion for Rehearing and Transfer to Supreme Court Denied Aug. 10, 1999.

Keith Sorrell, Spain, Merrell & Miller, L.L.P., Poplar Bluff, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Assistant Attorney General, for respondent.

David R. Frensley, Frensley & Towerman, P.C., Kansas City, for respondent–cross–appellant.

JAMES K. PREWITT, Judge.

Defendant appeals from a judgment against him for delinquent Missouri income taxes, additions to that tax, and interest.

On March 23, 1994, the Director of Revenue issued notices of adjustment and made an assessment against Appellant of individual income tax, interest, and additions to the tax for the 1989 and 1990 tax years. After the Director issued notices of deficiency, notices of 10–day demand, and final notices, Appellant failed to remit any tax due. On November 29, 1994, the Director issued Certifications of Delinquent Income Tax against Appellant to the Attorney General of Missouri, pursuant to Section 143.861, for the tax years 1989 and 1990.[1]

Appellant made no response to any of the notices issued by the Director. Appellant did not file a protest with the Director, nor appeal the Director's decision to the administrative hearing commission.

On November 14, 1995, the Carter County prosecuting attorney filed a tax collection action against Appellant. Appellant filed a timely answer in the circuit court and denied the allegations in the petition. At trial, held August 24, 1998, Appellant argued that he was not a Missouri resident during 1989 and 1990, and therefore not liable for any income tax for those years. Judgment was entered against Appellant for delinquent taxes, additions to tax, and interest. Here, Appellant does not challenge the court's finding that he owes income taxes for 1990. Appellant does deny he owes income taxes for 1989 because he was not a Missouri resident during 1989.

Section 143.621 provides that a notice of deficiency "shall constitute a final assessment of the amount of tax" due except as

---

1. All statutory references are to RSMo.1994.

to amounts "to which the taxpayer has filed a protest with the director of revenue." Within sixty days after the mailing of deficiency, the taxpayer may file with the Director of Revenue a written protest against the proposed assessment. Section 143.631.1. Section 621.050.1 grants a party the right to appeal the Director's decision to the administrative hearing commission.

▮ The procedure set forth by statute is the taxpayer's exclusive remedy for litigating the issue of whether he owed the assessed tax. When the statutory procedure is not followed, the final assessment of tax cannot be collaterally attacked. *See State ex rel. Director of Revenue v. Anderson,* 957 S.W.2d 800, 801 (Mo.App. 1997); *Springfield Park Central Hospital v. Director of Revenue,* 643 S.W.2d 599, 600–01 (Mo.1983) (Where a statute provides a remedy and a procedure to be followed, the statute must be complied with.)

In *State ex rel. Director of Revenue v. White,* 796 S.W.2d 629 (Mo.banc 1990), the court addressed the precept that a litigant who failed to exhaust his available administrative remedies may not obtain judicial relief. There, after taxes were assessed against him under Chapter 142, defendant initially filed a petition with the administrative hearing commission, however the petition was later dismissed. The court noted that a petition for review by the administrative hearing commission is the exclusive remedy for challenging a tax assessment. 796 S.W.2d at 630. It was further held that the commission had authority to decide the taxpayer's status. The question before the court was not the Director's authority to make the assessment, but the taxpayer's status, a question the commission could have decided. The court affirmed the trial court's ruling against the taxpayer.

In this case, Appellant did not exhaust his administrative remedies by filing a tax protest with the Director or by appealing to the administrative hearing commission.

Contesting his status as a nonresident is an issue which should have been decided upon administrative review. Filing a protest with the Director and appealing to the commission was Appellant's exclusive remedy, which he failed to pursue.

▮ Lastly, Appellant asserts, without support from authority, that the "State does not acquire the ability to tax or to use its administrative remedies over the Defendant if he is not a resident." Such statement is incorrect. The State of Missouri has statutory authority to tax individuals who are nonresidents of the state, but have income derived from sources within the state. *See* Section 143.041.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.