STATE ex rel. Carol Russell
FISCHER, Director of
Revenue, Respondent,

v.

Joe R. BROOKS, Appellant.

No. SC 85951.

Supreme Court of Missouri,
En Banc.

Nov. 9, 2004.

As Modified by Court's own Motion
Dec. 21, 2004.

Joe R. Brooks, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Trevor S. Bossert, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

CHARLES B. BLACKMAR, Senior Judge.

The Director of Revenue sues pursuant to section 143.611, RSMo, to collect state income taxes for the years 1992, 1993, 1994, 1995, and 1996. The appellant filed no return for any of these years, and the Director estimated the taxes, pursuant to statutory authority. The appellant did not file a protest as permitted by section 143.631, which is the exclusive remedy for challenging the assessment. *State ex rel. Lohman v. Latimer*, 4 S.W.3d 560 (Mo. App.1999). The appellant, indeed, does not appear to challenge the amount of the assessment for any year, but raises other challenges to the judgment.

The appellant represented himself both in the trial court and in this Court, which of course is his privilege. The trial court entered judgment for the Director for each of the years in question, and the appellant appealed directly to this Court, asserting jurisdiction pursuant to Mo. Const. art. V,

sec. 3 because the case involves the construction of a revenue law of the state. The Attorney General argues that no construction of a revenue law is involved and asks for transfer of the case to the Missouri Court of Appeals, Western District.

There is much to the Attorney General's argument but, because the appellant's appeal is so patently lacking in merit, we are reluctant to burden the parties and the court of appeals with additional tasks. The appellant argues, apparently, that the Director is precluded from suing for collection of unclaimed income taxes because no regulations have been adopted, as required by section 143.511, RSMo, prescribing the place for filing income tax returns. This argument, if accepted, would alter "an income stream to the government," *see Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 910, by depriving the Director of the ability to collect any delinquent tax and, therefore, seems to provide a justification for our assuming jurisdiction. We do not rule the point definitively, and this case should not be cited as authority on the jurisdictional issue.

■ The appellant, first, challenges the jurisdiction of the trial court by what he deems a "special appearance." He appeared in the trial court at later stages in the proceeding and thereby waived any challenge to jurisdiction over his person. *See State ex rel. White v. Marsh,* 646 S.W.2d 357 (Mo. banc 1983).

■ The appellant's principal argument is based on the Director's failure to adopt regulations pursuant to section 143.511, RSMo, specifying the place where returns are to be filed or taxes paid. He points to the word "shall" in the statute. Substantial authority demonstrates, however, that the use of "shall" in a statute does not inevitably render compliance mandatory, when the legislature has not prescribed a sanction for noncompliance.

*Farmers & Merchants Bank and Trust Company v. Director of Revenue,* 896 S.W.2d 30, 32–33 (Mo. banc 1995). The statute in question specifies no sanction.

The appellant does not claim that the Director's asserted failure excuses the payment of income taxes. 12 CSR 10–010(4), furthermore, makes it clear that "[t]he public may . . . make submissions to . . . the department in person or by mail . . . to the director of revenue at the Department of Revenue offices in Jefferson City, Missouri." The appellant could easily find where his returns could be filed.

We perceive no error in substance or procedure. The judgment is affirmed.

WHITE, C.J., WOLFF, STITH, TEITELMAN and LIMBAUGH, JJ., concur.

PRICE, J., dissents in separate opinion filed.

RUSSELL, J., not participating.

WILLIAM RAY PRICE, JR., Judge, dissenting.

I respectfully dissent. This Court simply does not have jurisdiction over this case.

This Court may not obtain jurisdiction of the subject matter of [an] appeal by consent, waiver, or in the interest of judicial economy. We are mindful of cases of recent vintage in which this Court has retained cases before it in which it has no jurisdiction "as a matter of judicial economy." *See e.g.,* [*State ex rel. Lack v. Melton,* 692 S.W.2d 302, 304 (Mo. banc 1985) ]; *Pace v. City of Hannibal,* 680 S.W.2d 944, 946 (Mo. banc 1984); *State v. Davis,* 653 S.W.2d 167 (Mo. banc 1983); *State v. Higgins,* 592 S.W.2d 151 (Mo. banc 1979). The jurisdiction of this Court may not be expand-

ed beyond its constitutional limits, even in the name of judicial economy. To the extent that cases of this Court hold otherwise, they, too, must be overruled.

*Kuyper v. Stone County Comm'n,* 838 S.W.2d 436, 438 (Mo. banc 1992).

The majority opinion reaches the merits of this case because the case is patently without merit. However, even when the decision is easy, this Court cannot create jurisdiction to lighten the load for the lower courts.