

# SUPREME COURT OF MISSOURI
## en banc

| | |
|---|---|
| HARRY FISCHER, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) No. SC95055 |
| | ) |
| DIRECTOR OF REVENUE, | ) |
| | ) |
| Respondent. | ) |

**PETITION FOR REVIEW OF A DECISISON OF THE
ADMINISTRATIVE HEARING COMMSISION**
The Honorable Nicole Colbert-Botchway, Commissioner

*Opinion issued March 15, 2016*

The Administrative Hearing Commission ("AHC") affirmed the final

determination by the Director of Revenue ("Director") regarding Mr. Harry Fischer's

2007 income tax liability.  Fischer now seeks judicial review of this decision on the

grounds that the AHC misinterpreted or misapplied section 143.741.1,[1] regarding the

Director's assessment of additions to tax, as well as section 143.731.7, regarding the

Director's assessment of interest on the amounts Fischer owed.  This Court rejects

Fischer's arguments and affirms the AHC's decision.

---

[1]   Unless otherwise provided, statutory references are to the 2000 Revised Statutes of Missouri.

**Background**

This case involves only the Director's decision regarding Fischer's 2007 income tax liability because that is the only decision to which Fischer filed a timely protest and it is the only decision addressed by the AHC. However, because the Director's assessment of additions and interest to Fischer's 2004, 2005 and 2006 income tax liabilities affected the Director's determination of Fischer's 2007 liability, a description of those returns is necessary to set the stage for 2007.

On April 15, 2005, Fischer requested an extension of time to file his 2004 tax return. Along with this request, he enclosed a payment of $2,000. An extension was granted, and Fischer's new deadline for filing his 2004 return was August 15, 2005. He missed that deadline. Instead, he did not file his 2004 return until February 27, 2007. According to his 2004 return, Fischer owed no income tax for that year. He entered the previous payment of $2,000 as an overpayment to be applied to his 2005 income tax liability.

Fischer's 2005 return was due on April 15, 2006, but he did not file that return until March 31, 2009. On that same date, Fischer also filed his 2006 return, which had been due on April 15, 2007. Because Fischer's returns for 2005 and 2006 were both filed late, the Director applied additions and interest to the taxes owed for each of those years. For 2005, Fischer claimed he owed $11, to which the Director assessed an addition of $2.75 and interest of $0.68. The Director subtracted those amounts from Fischer's $2,000 overpayment credit from 2004, leaving a 2005 overpayment credit of $1,985.57.

This credit was applied to Fischer's 2006 tax liability on March 31, 2009, the date the 2005 return was filed.

According to his 2006 return, Fischer owed income taxes in the amount of $1,125. Because Fischer's 2006 return was filed nearly two years late, the Director imposed an addition of $281.25 and interest of $167.49. On March 31, 2009, the Director applied Fischer's 2005 overpayment credit of $1,985.57 to Fischer's liability for 2006, giving Fischer a 2006 overpayment credit of $411.83.

Fischer's 2007 return was due on April 15, 2008, well before March 31, 2009, when he filed his late 2005 and 2006 returns. Fischer again failed to file his return on time, however, and did not file his 2007 return until June 28, 2011. According to Fischer's 2007 return, he owed income taxes of $2,152. Because Fischer's return was more than three years late, the Director imposed an addition of $538, a penalty of $5, and interest of $343.75. On March 31, 2009, when Fischer filed his 2006 return, the Director was able to ascertain that Fischer had a 2006 overpayment credit of $411.83 and immediately applied that credit to Fischer's 2007 tax liability. On June 28, 2011, when Fischer filed his 2007 return, the Director also applied the $1,293 payment Fischer had tendered with the 2007 return.

On August 3, 2011, the Director sent Fischer notice of the proposed changes to his 2007 return, including the assessment of an addition, penalty, and interest. On October 25, 2011, Fischer sent the director $626, which was less than half of the amount he still owed. On October 26, 2011, the Director sent Fischer a final notice of deficiency stating

3

that Fischer's total liability for 2007 was $1,316.76, that more than half of this was still owed, and that additional interest in the amount of $14.50 was being assessed.

Fischer filed a timely protest on December 24, 2011. On February 22, 2013, the Director issued a final decision regarding Fischer's 2007 income tax liability. The Director determined that, after additions, penalty, and interest, and after subtracting Fischer's 2006 overpayment credit of $411.83 on March 31, 2009, and Fischer's June 28, 2011, and October 25, 2011, payments, Fischer continued to owe $703.64 plus interest.

Fischer appealed this decision to the AHC under section 621.050. There, Fischer filed a motion for summary decision in which he argued that the Director erred in assessing additions and interest under sections 143.741.1 and 143.731.7, respectively, in calculating Fischer's tax liability for 2005, 2006, and 2007. The Director filed a response and cross-motion for summary decision, which the AHC granted.

**Analysis**

Fischer now seeks judicial review of the AHC's determination. Under section 621.193, this Court must affirm the AHC's decision if:

> (1) it is authorized by law; (2) it is supported by competent and substantial evidence based on the whole record; (3) mandatory procedural safeguards are not violated; and (4) it is not clearly contrary to the reasonable expectations of the legislature.

*Union Elec. Co. v. Dir. of Revenue*, 425 S.W.3d 118, 121 (Mo. banc 2014). In determining whether the decision is "authorized by law," the AHC's construction of a revenue statute is reviewed *de novo*. *Fred Weber, Inc. v. Dir. of Revenue*, 452 S.W.3d 628, 629-30 (Mo. banc 2015).

4

In order to challenge the Director's assessment of tax liability for a given year, the taxpayer must file a timely protest under section 143.631. *State ex rel. Fischer v. Brooks*, 150 S.W.3d 284, 285 (Mo. banc 2004). Such a protest "is the exclusive remedy for challenging the assessment." *Id.* Fischer did not protest the Director's assessment of interest and additions for tax years 2005 or 2006. Accordingly, the AHC did not rule on those decisions, and this Court will not review them here.[2]

## I. The Addition to Fischer's 2007 Tax Liability Was Properly Assessed

In his first point, Fischer argues that the AHC misconstrued or misapplied section 143.741.1, which authorizes the Director to assess an "addition to tax" when the taxpayer fails to file a timely return. He claims that this addition – which is five percent per month, with a cap of twenty-five percent, on the amount of the tax that should have been shown on the return had it been timely – should be calculated only on the amount owed after his 2006 overpayment credit was subtracted, even though the existence and amount of Fischer's 2006 overpayment credit was not ascertainable until more than five months after Fischer's 2007 return was due to be filed. He is incorrect.

The statute provides:

> In case of ***failure to file any return*** required under sections 143.011 to 143.996 on the date prescribed therefor (determined with regard to any

[2]  Fischer claims that he was not given notice of the Director's changes to his 2005 return and so had no opportunity to challenge them in a timely fashion. This is immaterial given that, on July 30, 2013, the Director abated the $2.75 addition to tax for 2005 and credited that amount to his 2007 deficiency. More importantly, even though Fischer claims that he did not receive notice of the Director's changes to his 2006 return, the AHC found that Fischer was given notice of those changes and failed to dispute them. Accordingly, Fischer cannot now challenge the Director's assessments regarding 2006 or the 2005 calculations on which they were based. In any event, the Director's assessment of interest and additions for 2006 were correct for the same reasons explained herein with respect to the Director's determinations for 2007.

extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be *added to the amount required to be shown as tax on such return* five percent of the amount of such tax if the failure is not for more than one month, with an additional five percent for each additional month or fraction thereof during which such failure continues, not exceeding twenty-five percent in the aggregate. For purposes of this section, the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is *paid on or before the date prescribed for payment of the tax* and by the amount of any credit against the tax *which may be claimed upon the return.*

§ 143.741.1 (emphasis added).

The plain language of section 143.741.1 requires the Director to assess an addition to tax whenever there is a failure, not due to reasonable cause, to file a timely return. Fischer's 2007 return was due on April 15, 2008, but he neglected to file that return for more than three years. Fischer does not claim he had reasonable cause for this delay. Accordingly, the Director was correct in assessing a five-percent-per-month addition, capped at twenty-five percent (or $538), to Fischer's 2007 income tax liability of $2,152 beginning on April 15, 2008, the date Fischer's 2007 return was due.

Fischer claims that the last sentence of section 143.741.1 requires that the Director should have calculated Fischer's twenty-five percent addition for 2007 only after subtracting the $411.83 overpayment credit from Fischer's 2006 return. This is incorrect. The last sentence of section 143.741.1 speaks to the "amount of tax required to be shown on the return" and the "credit against the tax which may be claimed upon the return," both of which address the return as it should have been filed on the due date. Fischer was not entitled to an overpayment credit on April 15, 2008, when his 2007 return was due because – on that date – the Director did not know whether Fischer would have a 2006

6

overpayment credit (let alone the amount of that credit) because Fischer did not file his 2006 return until Mach 31, 2009. By the time Fischer's 2006 and 2005 returns arrived on March 31, 2009, Fischer's 2007 return was more than five months late and the full twenty-five percent addition properly had been assessed under section 143.741.1.

Fischer does not provide any statute, regulation, or case law suggesting that an overpayment from a previous tax year suspends the filing deadline for subsequent returns, especially when the existence or amount of that overpayment was not ascertainable on the filing deadline. Accordingly, this Court holds that the Director properly applied section 143.741.1 by not crediting Fischer's 2006 overpayment credit to his 2007 tax until the amount of that credit became ascertainable on March 31, 2009, when Fischer filed his 2006 return.

## II. Interest on Fischer's 2007 Tax Liability Was Assessed Properly

Fischer's second point is based on the same faulty assertion that underlies his first point. In his second point, Fischer argues that the AHC misconstrued or misapplied section 143.731, which authorizes the Director to assess interest on all income taxes from the date on which the return is due to be filed until the date on which the tax is paid. He claims that this interest should be calculated only on the amount of taxes he owed for 2007 after his 2006 overpayment credit was subtracted, even though the existence and amount of his 2006 overpayment credit was not known and could not have been ascertained until well after the date on which Fischer's 2007 return was due to be filed and interest began to accrue. In other words, as above, Fischer claims that the Director was bound to subtract Fischer's 2006 overpayment credit of $411.83 before assessing

7

interest on his 2007 tax liability beginning April 15, 2008, even though the amount of Fischer's 2006 overpayment credit (if any) was not ascertainable until March 31, 2009, when Fischer filed his 2006 return. This, too, is incorrect.

Subsections 1 and 7 of section 143.731 refute Fischer's claim. The first subsection provides, in pertinent part:

> If any amount of tax imposed by sections 143.011 to 143.996, including tax withheld by an employer, is not paid on or before the last date prescribed for payment, interest on such amount at the rate determined by section 32.065, RSMo, shall be paid for the period from such last date to date paid.

§ 143.731.1. The latter subsection provides:

> If any portion of a tax is satisfied by credit of an overpayment, then no interest shall be imposed under this section on the portion of the tax so satisfied for any period during which, if the credit had not been made, interest would have been allowable with respect to such overpayment.

§ 143.731.7.

Unlike section 143.741, which speaks in terms of what a timely return would have shown, section 143.731 imposes interest on the amount Fischer actually owes from the date the return was due to be filed until the tax is paid in full. Accordingly, the Director properly assessed interest on the entire $2,152 in taxes Fischer owed for 2007 beginning April 15, 2008, when those taxes were first owed. Fischer wants this principal amount reduced by his 2006 overpayment credit of $411.83 before any interest is calculated, but the Director did not know whether Fischer would have an overpayment credit from 2006 (let alone the amount of such credit) until March 31, 2009, when Fischer filed his 2006 return. As soon as Fischer filed his 2006 return and the Director was able to ascertain the amount of Fischer's 2006 overpayment credit (i.e., $411.83), it was applied to reduce the

8

amount Fischer owed for 2007, and interest no longer accrued on that amount. Fischer was not entitled to more.

Fischer claims that federal tax law compels a contrary result and that Missouri tax laws should be construed and applied in a similar manner. He fails to provide this Court with any federal statute, regulation, or case law that suggests that an overpayment from a previous tax year reduces the principal amount of tax owed for purposes of calculating interest even though the amount of that overpayment was not known and could not be ascertained on the date the later year's tax was first owed. Far from proving this assertion, Fischer merely asserts in an affidavit that, "[t]o the best of [Fischer's] knowledge, [the IRS] has never assessed additions to tax or interest on total tax obligation without reducing that amount by the amount of the overpayment credit." Under section 621.050.2, the burden of proof with regard to this issue rests with the taxpayer, and Fischer has not satisfied this burden of proof.

Accordingly, this Court holds that the Director properly applied section 143.731 by assessing interest against the total amount of Fischer's 2007 tax liability beginning on April 15, 2008, and not crediting Fischer's 2006 overpayment credit to reduce that principal amount until March 31, 2009, when Fischer filed his 2006 return and the amount his 2006 overpayment credit first became ascertainable.

**Conclusion**

This Court holds that Fischer's 2006 overpayment credit could not be applied to reduce the amount of the addition to Fischer's 2007 tax liability under section 143.741 or to reduce the amount of the principal on which interest was calculated and assessed under

9

section 143.731, until March 31, 2009, when Fischer filed his 2006 return and the existence and amount of his 2006 overpayment credit first became ascertainable. Accordingly, the AHC's decision is affirmed.

_____
Paul C. Wilson, Judge

All concur.